PER CURIAM.
This appeal was filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because Appellant’s counsel was unable to make a good-faith argument that reversible error occurred below. Our review of the record reveals that the trial court properly imposed a maximum-risk residential placement for Appellant, a minor who was adjudicated delinquent for committing grand theft auto and who had previously completed two different high-risk residential programs for other offenses. See § 985.494(1), Fla. Stat. (2011) (“Notwithstanding any other law and regardless of the child’s age, a child who is adjudicated delinquent, or for whom adjudication is withheld, for an act that would be a felony if committed by an adult, shall be committed to a maximum-risk residential program if the child has completed two different high-risk residential commitment programs.”). The trial court correctly rejected the arguments raised below that it had to explain its reasons for deviating from the recommendation of the Department of Juvenile Justice pursuant to E.A.R. v. State, 4 So.3d 614 (Fla.2009), and that section 985.494 pertains only to juvenile sexual offenders. Both arguments are refuted by the plain language of the statute.
Accordingly, we AFFIRM.
WOLF, DAVIS, and ROBERTS, JJ., concur.